IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF TEXAS
FORT WORTH DIVISION

| | |
|---|---|
| HANNAH LOGAN AND<br>HENRY LOGAN,<br><br>    Plaintiffs,<br><br>v.<br><br>JEROME HENNIGAN,<br><br>    Defendant. | §<br>§<br>§<br>§<br>§<br>§<br>§   Civil Action No. 4:21-cv-00749-P-BP<br>§<br>§<br>§<br>§<br>§ |

### FINDINGS, CONCLUSIONS, AND RECOMMENDATION
### OF THE UNITED STATES MAGISTRATE JUDGE

Before the Court are the *pro se* Plaintiffs' pleadings, which raise sensitive issues involving their child's custody. Because this Court lacks subject matter jurisdiction to review Plaintiffs' claims, however, the undersigned **RECOMMENDS** that United States District Judge Mark T. Pittman **DISMISS** this case **without prejudice** and direct the Clerk of this Court to terminate all pending motions on file.

### I.    BACKGROUND

Defendant is Judge Jerome Hennigan, presiding judge of the 324th Judicial District Court of Tarrant County, Texas. ECF Nos. 1 at 1-2; 22 at 1-2. Plaintiffs Hannah and Henry Logan ("the Logans") are the parents of H.L., their seven-year-old child. ECF Nos. 1 at 9; 22-1 at 1-2. By his "Order in Suit Affecting the Parent-Child Relationship" ("Order"), Judge Hennigan appointed a nonparent as H.L.'s sole managing conservator. ECF No. 22-1. The Logans claim the Order is "prejudicial" because it gave custody of H.L. to a third party, who allegedly "disappeared with the child." ECF Nos. 27 at 1-2, 5; 22 at 4.

The Logans unsuccessfully appealed the Order in state court and sought review from the United States Supreme Court. ECF No. 27 at 1; *In re H.L.*, No. 02-19-00364-cv, 2019 WL 6905816 (Tex. App.—Fort Worth, Dec. 19, 2019, pet. denied), *cert. denied sub nom. Logan v. Logan*, ___ U.S. ___, 141 S. Ct. 171, *reh'g denied*, ___ U.S. ___, 141 S. Ct. 214 (2020). In this case, the Logans sued Judge Hennigan in this Court, seeking custody of H.L. ECF No. 1 at 9. They claim Judge Hennigan violated the Constitution and federal laws including the Americans with Disabilities Act. ECF Nos. 1 at 3-9; 22 at 4; 27 at 2-9. Their case was referred to the undersigned for pretrial management pursuant to Special Order 3. The Court granted the Logans leave to proceed *in forma pauperis*, subject to mandatory judicial screening under 28 U.S.C. § 1915(e)(2). ECF No. 6.

## II.  LEGAL STANDARDS

A federal court has an independent duty, at any level of the proceedings, to determine whether it has subject matter jurisdiction over a case. *Ruhrgas AG v. Marathon Oil Co.*, 526 U.S. 574, 583 (1999); *McDonal v. Abbott Labs.*, 408 F.3d 177, 182 n.5 (5th Cir. 2005) ("[A] federal court may raise subject matter jurisdiction *sua sponte*."). "Federal Courts are courts of limited jurisdiction, and absent jurisdiction conferred by statute, lack the power to adjudicate claims." *Stockman v. Fed. Election Comm'n*, 138 F.3d 144, 151 (5th Cir. 1998). Subject matter jurisdiction is presumably absent until the party asserting jurisdiction shows otherwise. *Howery v. Allstate Ins. Co.*, 243 F.3d 912, 916 (5th Cir. 2001). This Court considers jurisdiction before it begins the *in forma pauperis* judicial screening process. *Carr v. Tex. Dep't of Fam. & Protective Servs.*, No. 3:19-cv-876-B-BK, 2020 WL 7048669, at *2 (N.D. Tex. Sept. 23, 2020), *rec. adopted*, 2020 WL 7046855 (N.D. Tex. Dec. 1, 2020).

### III.     ANALYSIS

#### A.     The Court does not have subject matter jurisdiction because of the *Rooker-Feldman* doctrine.

Under the *Rooker-Feldman* doctrine, "federal district courts lack jurisdiction to entertain collateral attacks on state court judgments." *Liedtke v. State Bar of Tex.*, 18 F.3d 315, 317 (5th Cir. 1994); *see generally Rooker v. Fid. Tr. Co.*, 263 U.S. 413 (1923); *D.C. Ct. of Appeals v. Feldman*, 460 U.S. 462 (1983). The doctrine invokes 28 U.S.C. § 1257 in limiting federal judicial review of state court judgments to the United States Supreme Court by writ of certiorari. *See Exxon Mobil Corp. v. Saudi Basic Indus. Corp.*, 544 U.S. 280, 291 (2005). The rationale is "federal district court[s], as court[s] of original jurisdiction, lack[] appellate jurisdiction to review, modify, or nullify final order[s] of state court[s]." *Liedtke*, 18 F.3d at 317 (alterations in original) (quoting *Kimball v. Fla. Bar*, 632 F.2d 1283, 1284 (5th Cir. 1980)).

*Rooker-Feldman* does not apply, however, until "a party suffer[s] an adverse final judgment rendered by a state's court of last resort." *Gross v. Dannatt*, 736 F. App'x 493, 494 (5th Cir. 2018) (quoting *Ill. Cent. R.R. Co. v. Guy*, 682 F.3d 381, 390 (5th Cir. 2012)). A party proceeding in Texas state court suffers such a judgment if the Texas Supreme Court disposes of that party's petition for review of a state court decision. *Compare id.* at 495 (*Rooker-Feldman* did not apply because petition for review was pending before Texas Supreme Court), *with Batista v. Carter*, No. H-19-113, 2019 WL 1586773, at *3 n.7 (S.D. Tex. Apr. 12, 2019) (citing *Gross*, 736 F. App'x at 494) (*Rooker-Feldman* applied because Texas Supreme Court had denied petition for review), *aff'd*, 796 F. App'x 209 (5th Cir. 2020); *see also* Tex. R. App. P. 53.1 (discussing petitions for review). If applicable, *Rooker-Feldman* prohibits the losing party in state court from suing in federal district court to overturn the state court decision, as federal judicial review then rests solely with the United States Supreme Court. *Exxon Mobil Corp.*, 544 U.S. at 291.

*Rooker-Feldman* applies here because the Logans challenged Judge Hennigan's Order in the Texas court system, with the Texas Supreme Court ultimately denying their petition for review. *See* ECF No. 27 at 1; *In re H.L.*, 2019 WL 6905816, *pet. denied*, No. 20-0002 (Tex. Mar. 6, 2020), https://search.txcourts.gov/Case.aspx?cn=20-0002&coa=cossup (unless otherwise noted, all searches of txcourts.gov were last made on Dec. 16, 2021). The Logans first pursued a restricted appeal of the Order in Texas's Second Court of Appeals. *See In re H.L.*, 2019 WL 6905816 (referencing Judge Hennigan's Order as the "May 30, 2019 final judgment"). Because the Logans were ineligible to file a restricted appeal, the court dismissed theirs for want of jurisdiction and entered judgment accordingly. *Id.*; *Second Court of Appeals*, TEX. JUD. BRANCH, https://search.txcourts.gov/Case.aspx?cn=02-19-00364-CV&coa=coa02 (providing pdf of judgment). The Logans petitioned the Texas Supreme Court for review, asking the state high court "to reverse the judgment of the [lower] courts." Petition for Review at 16, *In re H.L.*, No. 20-0002, https://search.txcourts.gov/Case.aspx?cn=20-0002&coa=cossup. Attached to their petition were copies of the Order and the Second Court of Appeals' opinion and judgment. *Id.* at 19-40. The Texas Supreme Court denied, and thus disposed of, their petition. *In re H.L.*, No. 20-0002 (Tex. Mar. 6, 2020), https://search.txcourts.gov/Case.aspx?cn=20-0002&coa=cossup (providing a pdf of the disposition); *see Batista*, 2019 WL 1586773, at *3 n.7.

Consequently, the Logans' only federal pathway to challenging the Order was through the United States Supreme Court by writ of certiorari. *See Exxon Mobil Corp.*, 544 U.S. at 291. They sought this relief, but the Supreme Court denied their petition for writ of certiorari. *In re H.L.*, 2019 WL 6905816, *cert. denied sub nom. Logan v. Logan*, ___ U.S. ___, 141 S. Ct. 171, *reh'g denied*, ___ U.S. ___, 141 S. Ct. 214 (2020). The Logans next filed another appeal in state court, which similarly was dismissed for want of jurisdiction. ECF No. 27 at 1; *In re H.L.*, No. 02-20-

00326-cv, 2020 WL 7393332 (Tex. App.—Fort Worth Dec. 17, 2020, no pet.). Having unsuccessfully challenged the Order in state court and in the United States Supreme Court, the Logans could not proceed to attack Judge Hennigan and his Order in this Court. *Exxon Mobil Corp.*, 544 U.S. at 291. Yet, the Logans filed the instant suit against Judge Hennigan and have attached to their pleadings a copy of the Order, which they acknowledge gives rise to their claims. ECF Nos. 1 (Original Complaint); 9 at 3, 7-22 (Motion with Order attached); 22 at 4 & 22-1 (Proposed Amended Complaint with Order attached); 27 at 1-2, 5-7, 95-110 (Questionnaire Answers with Order attached).

The dispositive question to determining if *Rooker-Feldman* deprives this district Court of subject matter jurisdiction over the Logans' case is whether the Court "is in essence being called upon to review the state court decision." *Feldman*, 460 U.S. at 482 n.16. If the requested relief would require the Court to review and modify a state court judgment, then *Rooker-Feldman* precludes jurisdiction. *Moore v. Whitman*, 742 F. App'x 829, 832 (5th Cir. 2018) (federal district court lacked jurisdiction where plaintiff's requested relief would require court to modify state court judgment that designated nonparents as sole managing conservatorship of child). The Logans ask the Court to "explain to [Judge Hennigan] that his decision was not correct" and to "help [the Logans] with all legal matters to get custody of H[.]L." ECF No. 22 at 5 (Proposed Amended Complaint); *accord* ECF Nos. 1 at 9 (Original Complaint); 27 at 7 (Questionnaire Answers). Analyzing the Order for its correctness and modifying it such that the Logans receive their desired custody arrangement would require this Court to review and modify the Order, which as discussed was subject to final judgment in state court. *See Moore*, 742 F. App'x at 832. *Rooker-Feldman* thus deprives this Court of subject matter jurisdiction.

5

This Court lacks jurisdiction even though the Logans attempted to file this case under 42 U.S.C. § 1983. *See* ECF Nos. 20 (Motion for Leave to File Amended Complaint); 22 (Proposed Amended Complaint for Violation of Civil Rights). The Fifth Circuit "has held on numerous occasions that federal district courts do not have jurisdiction under 42 U.S.C. [§] 1983 or any other theory to reverse or modify the judgments of state courts." *Lampkin-Asam v. Sup. Ct. of Fla.*, 601 F.2d 760, 760 (5th Cir. 1979). The Logans' allegations in their original complaint, proposed amended complaint, and questionnaire answers that Judge Hennigan violated the Constitution and federal laws do not overcome the jurisdictional issue so long as their purpose in proceeding in this Court is to overturn a state court judgment. ECF Nos. 1 at 3-9; 22 at 4; 27 at 2-9; *Moore*, 742 F. App'x at 832 ("When constitutional questions arise in state court proceedings, federal appellate review is available only in the United States Supreme Court."); *United States v. Shepherd*, 23 F.3d 923, 924 (5th Cir. 1994) ("A federal complainant cannot circumvent [*Rooker-Feldman*] by asserting claims . . . framed as original claims for relief.").

Because the Logans want this Court to review and modify the Order, which was subject to a final state court judgment, this Court lacks subject matter jurisdiction to review this case under *Rooker-Feldman*.

### B. The Court otherwise must abstain from exercising subject matter jurisdiction because of the *Younger* doctrine.

Even if *Rooker-Feldman* does not apply, this Court must abstain from exercising subject matter jurisdiction under the *Younger* doctrine. *See Younger v. Harris*, 401 U.S. 37 (1971); *Morse v. Fed. Nat'l Mortg. Ass'n*, No. 4:18-cv-39-ALM-CAN, 2019 WL 1177989, at *5-7 (E.D. Tex. Feb. 12, 2019) (analyzing *Rooker-Feldman* and *Younger* as alternative bases for dismissal for lack of subject matter jurisdiction), *rec. adopted*, 2019 WL 1168530 (E.D. Tex. Mar. 13, 2019). *Younger* requires *sua sponte* abstention where "(1) the federal proceeding would interfere with an

'ongoing state judicial proceeding'; (2) the state has an important interest in regulating the subject matter of the claim; and (3) the plaintiff has 'an adequate opportunity in the state proceedings to raise constitutional challenges.'" *Bice v. La. Pub. Def. Bd.*, 677 F.3d 712, 716 (5th Cir. 2012) (quoting *Middlesex Cnty. Ethics Comm. v. Garden State Bar Ass'n*, 457 U.S. 423, 432 (1982)) (analyzing two of the three elements in a 42 U.S.C. § 1983 case); *Murphy v. Uncle Ben's, Inc.*, 168 F.3d 734, 737 n.1 (5th Cir. 1999) (authorizing *sua sponte* abstention).

This case satisfies all three elements. First, this Court's exercising jurisdiction would interfere to the extent this case implicates ongoing state judicial proceedings. *See Machetta v. Moren*, No. 4:16-cv-2377, 2017 WL 2805192, at *5 (S.D. Tex. Apr. 13, 2017) (stating that a Texas family trial court retains ongoing jurisdiction to modify a child custody order), *rec. adopted*, 2017 WL 2805002 (S.D. Tex. June 28, 2017), *aff'd*, 726 F. App'x 219 (5th Cir. 2018). It would interfere because the Logans ask this Court to review the Order and modify H.L.'s custody arrangement. *See Bice*, 677 F.3d at 717-18 (analyzing first element with attention to requested relief). Second, child custody issues are important state interests. *Thomas v. Texas*, 294 F. Supp. 3d 576, 594 (N.D. Tex. 2018), *rec. adopted*, 2018 WL 1254926 (N.D. Tex. Mar. 12, 2018). Third, the Texas state court system presents an adequate opportunity to challenge the Order. *See Ballard v. Wilson*, 856 F.2d 1568, 1571 (5th Cir. 1988) (The third element is not met "only if a party has no *opportunity* to present [their] federal claim in a state proceeding"). As discussed, the Logans have taken this opportunity, though they were unsuccessful in the state court system and before the United States Supreme Court.

There are three exceptions where the Court may not invoke *Younger*: (1) the party initiating the state court proceeding did so in bad faith or to harass the federal plaintiff; (2) at issue is a state statute that is "flagrantly and patently violative of express constitutional prohibitions in every

7

clause, sentence, and paragraph, and in whatever manner and against whomever an effort might be made to apply it"; and (3) the doctrine's application is waived. *See Tex. Ass'n of Bus. v. Earle*, 388 F.3d 515, 519 (5th Cir. 2004) (quoting *Younger*, 401 U.S. at 53-54). The Logans do not allege any exception applies, and the undersigned does not find one applicable. The first does not apply because the Logans do not allege Judge Hennigan initiated the state court proceedings, just that he improperly adjudicated them. *See Thomas*, 294 F. Supp. 3d at 595 (Bad faith or harassment exception did not apply where "Plaintiff ha[d] not alleged that either [the] State or its employees initiated the child custody proceedings"). Nor do the Logans' pleadings allege *Younger* is waived or that this case arises from an unconstitutional state law. Thus, if *Rooker-Feldman* does not bar subject matter jurisdiction, then the *Younger* doctrine does.

## IV.   CONCLUSION

This Court lacks subject matter jurisdiction over the Logans' case under the *Rooker-Feldman* and *Younger* doctrines. If a Court lacks jurisdiction under either doctrine, then it must dismiss the case without prejudice. *York v. Dall. Cnty.*, No. 3:18-cv-432-B-BN, 2018 WL 1867137, at *2 (N.D. Tex. Mar. 26, 2018) ("Because the undersigned recommends dismissal primarily based on the *Rooker-Feldman* doctrine, this action should be dismissed without prejudice."), *rec. adopted*, 2018 WL 1837739 (N.D. Tex. Apr. 18, 2018); *Steele v. Unicon Grp.*, No. 3:19-cv-1679-N-BH, 2020 WL 5520610, at *9 (N.D. Tex. Aug. 10, 2020) ("Plaintiff's claims for prospective declaratory and injunctive relief against [the judge] should be dismissed without prejudice for lack of subject matter jurisdiction under the *Younger* abstention doctrine."), *rec. adopted*, 2020 WL 5513439 (N.D. Tex. Sept. 11, 2020).

Without jurisdiction, this Court also should decline to rule on any pending motions. *Brett-Andrew: House of Nelson v. Walzl*, No. 3:20-cv-02906-C-BT, 2021 WL 1877055, at *3 (N.D. Tex.

Apr. 15, 2021) ("[B]ecause this action should be dismissed for lack of subject matter jurisdiction, the Court should decline to rule on any pending motions."), *rec. adopted*, 2021 WL 1876132 (N.D. Tex. May 10, 2021) ("The Clerk of Court is directed to terminate any and all pending motions."). They include the following motions filed by the Logans: Application to Proceed in District Court Without Prepaying Fees or Costs (ECF No. 8); Emergency Motion for Summary Judgment (ECF No. 9); Motion for the Appointment of Counsel (ECF No. 10); Motions for Default Judgment (ECF Nos. 11-12); Motion for Peremptory Challenge (ECF No. 18); Motion for Reconsideration (ECF No. 19); Motion for Leave to File Amended Complaint (ECF No. 20); and Emergency Motion for Summary Judgment (ECF No. 23).

Accordingly, the undersigned **RECOMMENDS** that Judge Pittman **DISMISS** this case **without prejudice** and direct the Clerk of this Court to terminate all pending motions on file.

A copy of these findings, conclusions, and recommendation shall be served on all parties in the manner provided by law. Any party who objects to any part of these findings, conclusions, and recommendation must file specific written objections within fourteen days after being served with a copy. *See* 28 U.S.C. § 636(b)(1); Fed. R. Civ. P. 72(b)(2). To be specific, an objection must identify the particular finding or recommendation to which objection is made, state the basis for the objection, and specify the place in the magistrate judge's findings, conclusions, and recommendation where the disputed determination is found. An objection that merely incorporates by reference or refers to the briefing before the magistrate judge is not specific. Failure to file specific written objections will bar the aggrieved party from appealing the factual findings and legal conclusions of the magistrate judge that are accepted or adopted by the district court, except upon grounds of plain error. *See Douglass v. United Servs. Auto. Ass'n*, 79 F.3d 1415, 1417 (5th Cir. 1996) (en banc).

**SIGNED** on December 17, 2021.

                                                                                        _____
                                                                                        Hal R. Ray, Jr.
                                                                                        UNITED STATES MAGISTRATE JUDGE