UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF TEXAS
FORT WORTH DIVISION

HANNAH LOGAN ET AL.,

    Plaintiffs,

v.                                                                       No. 4:21-cv-0749-P

JEROME HENNIGAN,

    Defendant.

### ORDER ACCEPTING FINDINGS, CONCLUSIONS, AND RECOMMENDATION OF THE UNITED STATES MAGISTRATE JUDGE

The United States Magistrate Judge issued Findings, Conclusions, and a Recommendation ("FCR") in this case. ECF No. 28. Plaintiffs filed a Petition for Judicial Review (ECF No. 29) and an Objection to the FCR (ECF No. 30) on December 19, 2021. The Court accordingly conducted a *de novo* review of the FCR.

As detailed below, the Objection is without merit. Therefore, the Court will **ACCEPT** the FCR as the Findings and Conclusions of the Court and will **OVERRULE** Plaintiffs' objection. The case will therefore be **DISMISSED without prejudice.**

### BACKGROUND

Plaintiffs Hannah and Henry Logan (collectively, the "Logans") are the parents of H.L., their seven-year-old child. ECF No. 28 at 1. Defendant Judge Jerome Hennigan is the presiding judge of the 324th Judicial District Court of Tarrant County, Texas. *Id.*

By an "Order in Suit Affecting the Parent-Child Relationship," ("Order") Judge Hennigan appointed a nonparent as H.L.'s sole managing conservator. *Id.* Claiming the Order is "prejudicial" because it gave custody of H.L. to a third party, who allegedly "disappeared with the child," the Logans sought to appeal the Order. *First*, the Logans pursued a restricted appeal in the Second Court of Appeals. *See In re H.L.*, No. 2-19-364-CV, 2019 WL 6905816 (Tex. App.—Fort Worth Dec.

19, 2019, pet. denied) (mem. op., not designated for publication). *Second*, the Logans petitioned the Texas Supreme Court, asking the Court "to reverse the judgment of the [lower] courts." *See In re H.L.*, No. 20-0002 (Tex. Dec. 31, 2019) *available at* https://search.txcourts.gov/Case.aspx? cn=20-0002&coa=cossup. *Third*, the Logans filed a petition for a writ of certiorari and a petition for rehearing with the United States Supreme Court—both of which were denied. *See In re H.L.*, No. 2-19-364-CV, 2019 WL 6905816, *cert denied sub nom*, 141 S. Ct. 171, *reh'g denied*, 141 S. Ct. 214 (2020). *Fourth*, the Logans filed another appeal in the Second Court of Appeals, which dismissed the appeal for want of jurisdiction. *In re H.L.*, No. 2-20-326-CV, 2020 WL 7393332 (Tex. App.—Fort Worth Dec. 17, 2020, no pet.) (mem. op., not designated for publication). *Finally*, the Logans filed the instant dispute attempting to attack Judge Hennigan's Order under 42 U.S.C. § 1983.

## ANALYSIS

Plaintiffs raise only one Objection to the Magistrate Judge's FCR. Specifically, Plaintiffs maintain that if the Magistrate Judge "did his Due [sic] diligence in this case, he [would] see [Plaintiffs] did not sue Judge Hennigan." ECF No. 30 at 5. This Objection is without merit.

Plaintiffs argue that 42 U.S.C. § 1983 allows them to bring a claim alleging that their constitutional rights have been violated. *Id.* at 3. While 42 U.S.C. § 1983 does allow such lawsuits, the Logans have not brought such a suit. Instead, as the Magistrate Judge carefully explained, the Logans are attempting to collaterally attack an adverse Order issued by a state court judge. To that end, the Logans asked the Court to "explain to [Judge Hennigan] that his decision was not correct" and to "help [the Logans] with all legal matters to get custody." ECF No. 22 at 5; *see also* ECF Nos. 1, 27. The only way for this Court to grant such relief, however, would be to review and modify Judge Hennigan's Order. But the Fifth Circuit "has held on numerous occasions that federal district courts do not have jurisdiction under 42 U.S.C. § 1983 or any other theory to reverse or modify the judgments of state courts." *Lampkin-Asam v. Sup. Ct. of Fla.*, 601 F.2d 760, 760 (5th Cir. 1979). Furthermore, as the Magistrate Judge carefully explained, the *Younger* doctrine advises that this Court should not exercise any jurisdiction it may in fact have. *See* ECF No. 28 at 6–8.

2

Despite the applicability of the *Younger* doctrine to this case, Plaintiffs' have failed to present any persuasive reason for why this Court should nonetheless exercise jurisdiction. *Id.* Accordingly, because the Court is being asked to overturn or modify a state court Order, the Court must abstain from exercising subject matter jurisdiction under *Younger*. *See Younger v. Harris*, 401 U.S. 37 (1971); *Morse v. Fed. Nat'l Mortg. Ass'n*, No. 4:18-cv-39-ALM-CAN, 2019 WL 1177989, at *5–7 (E.D. Tex. Feb. 12, 2019) (analyzing *Rooker-Feldman* and *Younger* as alternative bases for dismissal for lack of subject matter jurisdiction), *rec. adopted*, 2019 WL 1168530 (E.D. Tex. Mar. 13, 2019)); *see also Murphy v. Uncle Ben's, Inc.*, 168 F.3d 734, 737 n.1 (5th Cir. 1999) (authorizing *sua sponte* abstention)

## CONCLUSION

Having conducted a *de novo* review of the Magistrate Judge's FCR, Plaintiffs' Objection, and the record, the Court **ADOPTS** the reasoning in the Magistrate Judge's FCR as the Findings and Conclusions of the Court and **OVERRULES** Plaintiffs' Objection. Accordingly, it is **ORDERED** that this case should be, and is hereby, **DISMISSED without prejudice.**

**SO ORDERED** on this **20th day** of **December, 2021.**

Mark T. Pittman
UNITED STATES DISTRICT JUDGE